UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
THE INCORPORATED VILLAGE OF OLD WESTBURY,

                 Plaintiff,

    v.

AMERICAN ALTERNATIVE INSURANCE CORPORATION,

                 Defendant.
-----------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
15-cv-7278 (JMA) (SIL)

**APPEARANCES:**

Andrew Michael Roth
Jon A. Ward
Sahn Ward Coschignano PLLC
333 Earle Ovington Blvd, Suite 601
Uniondale, NY 11553
    *Attorneys for the Plaintiff*

Terence S. Hannigan
Hannigan Law Firm PLLC
388 Kenwood Avenue
Delmar, NY 12054
    *Attorneys for Defendant*

**AZRACK, United States District Judge:**

    Before the Court are plaintiff's objections to Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R"), in which Judge Locke recommended that the Court grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment. Plaintiff timely filed an objection. Defendant did not file a response to plaintiff's objection.

    Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts Judge Locke's R&R in its entirety. Familiarity with Judge Locke's R&R and the parties' summary judgment papers is assumed.

1

**A.  Standard of Review**

In reviewing a magistrate judge's report and recommendation, a court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which objection[s][are] made."  28 U.S.C. § 636(b)(1); <u>see also</u> <u>Brown v. Ebert</u>, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

**B.  Plaintiff's Objections**

Plaintiff raises two related objections.  Plaintiff asserts that the term "bodily injury" in the Policy includes:  (1) unwanted physical contact with Hansen's body, which occurred during Hansen's handcuffing and arrest; and (2) unwanted physical confinement of his body, which occurred during his imprisonment.  Plaintiff maintains that, at the very least, the term "bodily injury" is ambiguous on this point and, thus, such unwanted physical contact and confinement would be covered by the Policy.

Relatedly, plaintiff argues that Judge Locke failed to apply the correct standard in analyzing whether defendant had a duty to defend plaintiff in the underlying action.  "The duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim, or where the insurer has actual knowledge of facts establishing a reasonable possibility of coverage" (Pl. Objections at 3 (quoting <u>Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.</u>, 91 N.Y.2d 169, 175, (1997) (citation and internal marks omitted)).  Plaintiff asserts that Judge Locke failed to review,

2

under this standard, Hansen's Notice of Claim, 50-h transcript, Complaint, and Bill of Particulars, which show that Hansen suffered "mental and psychological injury arising out of his unwanted physical arrest, physical touching in the form of handcuffing, and his physical confinement in a jail cell."  (Pl. Objections at 6.)

**C.  Analysis**

The Policy defines "bodily injury" as:

> [b]odily injury, sickness or disease sustained by a person.  This includes mental anguish, mental injury, shock, fright, or death resulting from bodily injury, sickness, or disease.

In Lavanant v. Gen. Acc. Ins. Co. of Am., the New York Court of Appeals addressed whether "coverage for 'bodily injury' includes emotional distress resulting from the insured's negligent conduct, where no physical injury or contact is involved."  79 N.Y.2d 623, 626 (1992).  The Court of Appeals held that, "in the circumstances presented" in Lavant, mental injury alone was covered even without any physical injury or contact.  However, as Judge Locke explained in his R&R, the policy at issue in Lavant merely defined "bodily injury" as "bodily injury, sickness or disease."  Unlike the instant Policy, the policy at issue in Lavant did not also state that "[t]his includes mental anguish, mental injury, shock, fright, or death resulting from bodily injury, sickness, or disease."  The Court agrees with Judge Locke's interpretation that, under the Policy, Hansen's mental and emotional injuries had to result from "an independent bodily injury" to be covered.

Judge Locke, however, did not explicitly address plaintiff's alternative argument that the term "bodily injury" includes unwanted physical contact and unwanted physical confinement.  That argument is the crux of plaintiff's objections.

The Court has considered plaintiff's objections and, upon de novo review, overrules

3

them. The Court does not agree that unwanted physical contact or physical confinement, without more, constitutes a "bodily injury." The Court also concludes that the term "bodily injury" is not ambiguous on this point.

Multiple courts have reached similar conclusions. See Nationwide Mut. Fire Ins. Co. v. Mrs. B.G., No. 05-cv-578, 2005 WL 3434137, at *3 (W.D. Pa. Dec. 13, 2005) ("The phrase 'bodily injury' simply cannot be read as synonymous with the phrase 'physical contact.' Failure to draw a distinction between the two would lead to the absurd result that a person who is bumped into by someone in a crowd would have sustained a 'bodily injury.' Here, even accepting as true the allegations that [the victim was physically touched], the fact remains that her emotional trauma did not result from a physical injury." (citation omitted)); Miller v. Quincy Mut. Fire Ins. Co., No. 03-cv-1328, 2003 WL 23469293, at *3 (E.D. Pa. Dec. 4, 2003) (holding that physical touching is insufficient to constitute bodily injury and observing that "the weight of authority is that there must be some physical injury to the body alleged in order to constitute 'bodily injury'" and that Black's Law Dictionary defines "'bodily injury' as 'physical damage to a person's body'"); Smith v. Animal Urgent Care, Inc., 542 S.E.2d 827, 831 n. 12 (W.Va. 2000) (rejecting argument that "any physical contact necessarily results in 'bodily injury'"); Am. & Foreign Ins. Co. v. Church Sch. in Diocese of Virginia, 645 F. Supp. 628, 632 (E.D. Va. 1986) (rejecting argument that a battery involving bodily contact is sufficient because that "argument appears to ignore the distinction between physical or bodily contact and injury").

And, neither of the Louisiana state court decisions that plaintiff cites convince the Court otherwise. Love v. Sirey, 119 So. 3d 732 (La. Ct. App. 5th Cir. 2013), the only decision on this issue cited in plaintiff's summary judgment papers is distinguishable. In Love, the court held that term "bodily injury" did not unambiguously exclude coverage where the insured tortfeasor

4

committed "continuous assaults and batteries" on the plaintiff and the plaintiff alleged that she became "disabled" as a result of those acts. Moreover, at her deposition, the plaintiff in Love explained that due to her fear and anxiety she developed a physical injury—namely, a loss of her bodily functions. Here, Hansen has not alleged that he became disabled or developed any similar physical injury. In fact, at his 50-h hearing, which plaintiff asks the Court to consider, Hansen denied that he suffered any physical injury as a result of the incident. (50-h Tr. 51, ECF No. 29.)

The other case on this issue cited by plaintiff is Redmon v. Bi-Lo Supermarket, 846 So. 2d 820, 823 (La. Ct. App. 3d Cir. 2003). Redmon, which was not cited in plaintiff's summary judgment papers, is raised for the first time in plaintiff's objection. That alone is a reason to not consider it here. Moreover, unlike the instant case, the injured plaintiff in Redmon alleged "physical pain and suffering." (Id. at 821.) Plaintiff does not point to any such allegations by Hansen here. In any event, the Court does not find Redmon—which is contrary to the numerous cases cited above—to be persuasive.

Furthermore, in light of the Court's interpretation of the term "bodily injury" above, the allegations in Hansen's Notice of Claim, 50-h transcript, Complaint, and Bill of Particulars did not "potentially give rise to a covered claim." Accordingly, defendant did not have a duty to defend the underlying action.[1]

For the reasons stated above, the Court, upon de novo review, overrules plaintiff's objections. Plaintiff has not objected to the remaining portions of Judge Locke's R&R. The Court finds no clear error in those portions. Accordingly, the Court adopts the Judge Locke's R&R in its entirety. Defendant's motion for summary judgment is granted and plaintiff's motion

---

[1] The Court also disagrees with plaintiff's assertion that the R&R "failed to consider, let alone determine," the motions under the standard governing the duty to defend. (See R&R at 28–29 ("There is no duty to defend if, as a matter of law, there is no possible factual or legal basis on which the insurer might eventually be obligated to indemnify its insured under any policy provision." (citations and internal marks omitted).)

5

for summary judgment is denied.

**D.  Conclusion**

For the reasons stated above, the Court overrules plaintiff's objections and adopts the Judge Locke's R&R in its entirety.  Defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

**SO ORDERED.**

Dated:  March 31, 2017
      Central Islip, New York

                                          __/s/ JMA_____
                                          Joan M. Azrack
                                          United States District Judge